[Civ. No. 8076. Second Appellate District, Division Two.—June 23, 1933.]

ROY TONG, Respondent, v. SUN REALTY COMPANY (a Corporation), Appellant.

George L. Greer and Jennings & Belcher for Appellant.

Lasher B. Gallagher for Respondent.

PARKER, J., *pro tem.*—Appellant, defendant below, has appealed from an adverse judgment entered upon the verdict of a jury in an action for damages for personal injuries. The sole ground of appeal involves the sufficiency of the evidence to sustain the verdict and judgment. In this the contention of appellant is twofold. It is claimed, first, that the evidence fails to disclose any actionable negligence on the part of appellant; second, that the evidence

shows without substantial contradiction that respondent was guilty of negligence, without which the accident would not have occurred.

Appellant's brief is an argument upon the evidence, very likely the same argument that failed in the court below. Not a suggestion of complaint goes to any ruling of the trial court, nor is error claimed in the instructions to the jury.

There is little conflict in the evidence, save on the one point of warning given plaintiff, and plaintiff's testimony that no notice or warning of any kind was given him was evidently taken as the fact by the jury. Appellant is the owner of a building in the city of Los Angeles in which are maintained and operated three passenger elevators. These elevators are of a type capable of a speed of six hundred feet per minute. We deem it unnecessary to detail the mechanics of the elevators. Each operates in a shaft or well. As a part of the machinery of the elevator is a compensating weight, or counterweight, which moves up and down within the shaft opposite to the direction in which the elevator is moving. For example, when the elevator is at the top floor the counterweight is at the bottom, and when the elevator is at the bottom the counterweight is above. This counterweight slides up and down within a track or slide, with some projection forward. Plaintiff was a carpenter engaged in making side openings in the elevators. As stated, there were three elevators, and for general purposes they may be designated by number, namely, 1, 2 and 3. In order that plaintiff might accomplish his work, it was necessary that he enter the shaft of each elevator. He had completed his work in the shafts of elevators 2 and 3 and was working in shaft number 1 when the accident occurred. It is important to note here that the construction in shafts 2 and 3 differed from that of shaft 1. The counterweight in shafts 2 and 3 was constructed and operated in and on the back of the shaft, and in a place where no harm or injury could result to one standing or working on the side or front of the shaft. In elevator shaft No. 1, however, the construction, as we have said, was different. In this shaft the counterweight operated on the side of the shaft, but little distant from the front. Respondent in completing his work on elevators 2 and 3 was ready to

commence on No. 1. The cage or elevator was raised from the floor level and respondent permitted to enter. In the performance of his work he stood upon a crossbeam of steel running from the front to the back and along the side of the cage. All of those in charge of the elevators knew of his entry and of his position in the shaft. The time of day was approximately 4 P. M. There was no artificial light in the shaft and the general lighting condition therein was such as to present a condition of dusk or semi-darkness. The elevator operator was cautioned as to the presence of a man in the shaft. Respondent was shown to have no familiarity with the construction of elevators or elevator shafts. Neither had he knowledge of the location of the counterweight and its operation. ■ It might be here noted that such knowledge cannot, as a matter of law, be imputed or charged to a carpenter doing general work in and about an elevator shaft. He can be charged only with a knowledge of the conditions observable by the use of ordinary inspection, and the question becomes necessarily one for the jury. While respondent was in the shaft the operator of elevator No. 1 caused his cage to rise to the top floor at a high speed and without warning, and with great force the counterweight came down and struck respondent on the side of the body. From the blow and the subsequent handling of the elevator in trying to effect his release respondent sustained the injuries here complained of. Some attempt is made by appellant to divide the injuries with reference to those sustained from the blow of the counterweight and those sustained in the subsequent operation of the elevator. All are attributable to the same negligence and we decline further analysis.

■ With this background there seems little merit to the appeal. We have carefully read the transcript and find ample to uphold the judgment. There is nothing exceptional about the case which would make the question entirely one of law for the court rather than a question of fact for the jury. The jury was fully and correctly instructed, inasmuch as no complaint is made in this connection. For a general presentation of the law applicable reference may be had to *Fidelity Casualty Co.* v. *Llewellyn Iron Works,* 42 Cal. App. 766 [184 Pac. 402], and *Bucking-*

*ham* v. *San Joaquin Cotton Oil Co.*, 128 Cal. App. 94 [16 Pac. (2d) 807].

Judgment affirmed.

Works, P. J., and Stephens, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 20, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 21, 1933.